**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **SHAUNA WOODARD,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Case No.: 5:26-cv-446-CAR** |
| | : | |
| **SOUTHERN TRUST INSURANCE COMPANY, CEDRIC BATTLE, and ERICKA ROMAN,** | : | |
| | : | |
| **Defendants.** | : | |

**ORDER DISMISSING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO PROCEED IFP AND DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL**

Before the Court are *pro se* Plaintiff Shauna Woodard's Motion to Proceed *In Forma Pauperis* ("IFP") and Motion to Appoint Counsel. For the reasons explained below, the Court **DISMISSES without prejudice** Plaintiff's Motion to Proceed IFP [Doc. 2] and **DENIES** her Motion to Appoint Counsel [Doc. 3]. And the Court hereby **ORDERS** Plaintiff to either pay the $405.00 filing fee to the Clerk of Court or, if she cannot pay, file a renewed Motion to Proceed IFP and Affidavit in accordance with the Court's form. If Plaintiff does not pay the required fee or file a renewed application to proceed IFP **within fourteen (14) days** from this Order's date, the Court will dismiss this case. There will be **no service** in this case until further order of the Court.

**A. Plaintiff's Motions**

**I. Motion to Proceed IFP [Doc. 2]**

Motions to proceed IFP are governed by 28 U.S.C. § 1915(a)(1), which provides:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses[1] that the person is unable to pay such fees or give security therefor.

When considering a motion to proceed IFP filed under § 1915(a), "[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty."[2] The Court should accept statements contained in an IFP affidavit, "absent a serious misrepresentation."[3] Although a litigant need not show she is "absolutely destitute" to qualify under § 1915(a), she must show that "because of h[er] poverty, [s]he is unable to pay for the court fees and costs, and to support and provide necessities for h[er]self and h[er] dependents."[4]

Plaintiff's application to proceed IFP fails to show she satisfies the requirement of poverty. Despite stating that she is currently employed, Plaintiff did not list her

---

[1] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

[2] *Martinez v. Kristi Keaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (internal quotation marks and citation omitted).

[3] *Id.*

[4] *Id.* (citation omitted).

"gross/take-home monthly pay[.]"[5] Without this information, the Court cannot determine whether Plaintiff qualifies as a pauper under § 1915. Thus, Plaintiff's Motion [Doc. 2] is **DISMISSED without prejudice**. And the Court hereby **ORDERS** Plaintiff to either pay the $405.00 filing fee to the Clerk of Court or, if she cannot pay, file a renewed Motion to Proceed IFP and Affidavit in accordance with the Court's form. If Plaintiff does not pay the required fee or file a renewed application to proceed IFP **within fourteen (14) days** from this Order's date, the Court will dismiss this case.

**II. Motion to Appoint Counsel [Doc. 3]**

Under 28 U.S.C. § 1915(e)(1), "a court has broad discretion to appoint counsel for an indigent plaintiff in a civil case only if exceptional circumstances exist."[6] Exceptional circumstances include "the presence of 'facts and legal issues [which] are so novel or complex as to require the assistance of a trained practitioner.'"[7] "The key is whether the pro se litigant needs help in presenting the essential merits of his or her position to the court."[8]

Plaintiff fails to show any exceptional circumstance justifying an appointment of counsel in this employment discrimination case. She contends that she cannot afford to hire counsel after her termination and explains that attorneys with whom she consulted

---

[5] Doc. 2 ¶ 1.
[6] *Redd v. Conway*, 160 F. App'x 858, 863 (11th Cir. 2005) (citing *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999)).
[7] *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993) (quoting *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987)).
[8] *Id.*

refused to take her case due to "the 90-day EEOC clock expiring on October 15, 2026;"[9] these are not exceptional circumstances. Thus, Plaintiff's Motion [Doc. 2] is **DENIED**.

**C. Rule 11 Obligations**

The Court informs Plaintiff of her obligations under Rule 11 of the Federal Rules of Civil Procedure, particularly Rule 11(b), which governs her representations to the Court:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) It is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.[10]

**D. Artificial Intelligence**

Finally, the Court has seen a marked increase in the use of technology such as ChatGPT, Google Gemini, Claude, Grok, or other generative artificial intelligence ("AI") services to prepare and file documents by unrepresented parties, who may not

[9] Doc. 3.
[10] Fed. R. Civ. P. 11(b).

understand fully their pleading obligations. The Court cautions Plaintiff that these generative AI technologies may produce factually or legally inaccurate content.

The Court does not prohibit the use of AI, but to comply with Rule 11 of the Federal Rules of Civil Procedure, Plaintiff must review and verify all computer-generated content (including content from legal blogs and online summaries) to ensure that it is accurate and complies with Rule 11. To assist Plaintiff in meeting her pleading obligations, the Court **ORDERS** the following: **In all pleadings, including Plaintiff's amended complaint, Plaintiff must include a signed statement fully disclosing the use of AI to assist in the preparation and drafting of the pleading. In the statement, Plaintiff must certify that she has verified the accuracy of all facts and all legal authorities cited in the pleading. Failure to comply with this paragraph will result in sanctions, including, if appropriate, dismissal of this lawsuit.**

## CONCLUSION

For the reasons explained below, the Court **DISMISSES without prejudice** Plaintiff's Motion to Proceed IFP [Doc. 2] and **DENIES** her Motion to Appoint Counsel [Doc. 3]. And the Court hereby **ORDERS** Plaintiff to either pay the $405.00 filing fee to the Clerk of Court or, if she cannot pay, file a renewed Motion to Proceed IFP and Affidavit in accordance with the Court's form. If Plaintiff does not pay the required fee or file a renewed application to proceed IFP **within fourteen (14) days** from this Order's date, the Court will dismiss this case. There will be **no service** in this case until further

order of the Court.

**SO ORDERED,** this 14th day of October, 2026.

s/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT